IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DORIUS SPRUANCE, | ) |
| Plaintiff, | ) **JURY TRIAL DEMANDED** |
| v. | ) CIVIL ACTION |
| | ) FILE NO. |
| CELSO FERREIRO, GEORGIA SOUTHERN TRANSPORTATION, INC., CHEROKEE INSURANCE COMPANY and PIONEER TRANSPORT, INC. | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Dorius Spruance, by and through his undersigned counsel, files this Complaint for Damages against Defendants Celso Ferreiro, Georgia Southern Transportation, Inc., Pioneer Transport Company and Cherokee Insurance Company, and shows as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Dorius Spruance is a citizen of the State of Georgia and resides in this State and is subject to the jurisdiction of this court.

2.

Defendant Celso Ferreiro is now and was at the time of the claim which is the subject matter of this Complaint arose, a resident of the State of Florida, residing at 17812 SW 146th Ct, Miami, Florida, 33177. He may be served with Summons and Complaint at said address.

3.

Defendant Georgia Southern Transportation, Inc. is now and was at the time of the claim which is the subject matter of this Complaint arose, incorporated in the State of Georgia having its principal place of business in Cartersville, Georgia. Defendant's registered agent is James F. Smith, 1River Court, Cartersville, Georgia 30120 and the Defendant may be served with process through said registered agent at this location.

4.

Defendant Pioneer Transport, Inc. is a foreign corporation, having been incorporated under the laws of the State of Pennsylvania and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent, Cody B. Gillies, at 5704 Veterans Parkway, Columbus, Georgia 31904 and is subject to the jurisdiction of this court.

5.

Defendant Cherokee Insurance Company is a foreign corporation, having been incorporated under the laws of the State of Michigan and may be served by delivering a copy of the summons and complaint on its registered agent Mark J. Dadabbo at 34200 Mound Road Sterling Heights, MI 48310 and is subject to the jurisdiction of this court.

6.

There exists complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

7.

Jurisdiction is proper pursuant to 28 U.S.C.§1332 and venue is proper in this court pursuant to 28 U.S. Code § 1391.

**FACTS COMMON TO ALL COUNTS**

8.

On July 13, 2020, Defendant Celso Ferreiro was driving a tractor trailer on I-16 Eastbound in Twiggs County, Georgia on behalf of Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc.

9.

At the aforesaid time and place, Plaintiff Dorius Spruance was the driver of a work truck, in the capacity of his employment with Peek Pavement, stopped in the left lane, on I-16 Eastbound, serving as a support vehicle for construction workers working on the roadway.

10.

At the aforesaid time and place, Defendant Celso Ferreiro negligently drove the tractor-trailer, approaching Plaintiff Dorius Spruance's truck, thereby suddenly and without warning colliding the front of the tractor-trailer into the rear of Plaintiff's truck.

11.

At the aforesaid time and place, Defendants violated the following laws of the State of Georgia and the United States of America were otherwise negligent in the following several particulars:

(i)   O.C.G.A. §40-6-49 (following too closely);

(ii)  O.C.G.A. §40-6-241 (driver to exercise due care);

(iii) O.C.G.A. §40-6-390 (reckless driving);

(iv)  In failing to have said tractor-trailer rig under proper control at the time and place in question;

 (v) In failing to stop, turn or otherwise divert his tractor-trailer rig so as to avoid colliding with the truck occupied by Dorius Spruance;

 (vi) In otherwise failing to remain attentive to the duty of a truck driver to keep a vigilant lookout ahead for the protection of other members of the motoring public.

12.

Defendants breached the duty of ordinary care owing to the Plaintiff and other users of the roadways by operating the tractor-trailer rig negligently, recklessly and in violation of the law.

13.

On the day of the collision described above, Defendant Cherokee Insurance Company had in full force and effect either a policy of motor vehicle liability insurance or a surety bond for protection of members of the general public against injuries and deaths proximately caused by the negligent operation of tractors and trailers by Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc., their agents, servants and employees, including Defendant Celso Ferreiro, who was the operator of the vehicle at the time in question, while on the public streets, roads, and highways; and said Company, having issued a policy of direct obligation insurance or a surety bond in accordance with the laws of the State of Georgia is liable to suit in this case.

14.

As a result of the above-described collision, Plaintiff sustained serious personal injuries.

15.

At all times hereinabove described, Defendant Celso Ferreiro was acting within the scope of his employment as an agent, servant, and employee of Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc.

16.

At the time of the collision which is the subject-matter of this case, Defendant Celso Ferreiro was driving and operating a tractor-trailer which was owned by Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc., and which was insured in accordance with the laws of the State of Georgia under a policy of motor vehicle liability insurance or a surety bond issued by Defendant Cherokee Insurance Company.

17.

The proximate and legal cause of said collision was the negligent operation of the tractor-trailer by Defendant Celso Ferreiro, for whose conduct the Defendants Georgia Southern Transportation, Inc., Pioneer Transport, Inc. and Cherokee Insurance Company are also liable.

## COUNT I - NEGLIGENCE

18.

The allegations within all previous paragraphs of this complaint are hereby adopted and re-alleged as if set forth fully in this paragraph.

19.

As the direct and proximate result of the negligence and breaches of duty of Defendants as described above, Plaintiff sustained serious physical injuries with resulting mental and physical pain and suffering; has suffered and continues to suffer severe pain, discomfort, and loss of enjoyment of life; has sustained permanent physical impairments and limitations; has incurred and will continue to incur expenses for reasonable and necessary medical care and treatment; has incurred and will continue to incur lost wages and lost future earning capacity damages; and has sustained other economic and non-economic losses and damages, for all of which Defendants are legally liable to Plaintiff in this action.

## COUNT II - NEGLIGENCE PER SE

The allegations within all previous paragraphs of this complaint are hereby adopted and re-alleged as if set forth fully in this paragraph.

20.

At all relevant times, Defendants were negligent *per se* in violating Georgia law including, but not limited to, O.C.G.A. §§ 40-6-49; 40-6-241; and 40-6-390.

21.

The said negligence *per se* of Defendants proximately caused the above-described injuries and damages to Plaintiff Dorius Spruance, such that the Defendants are liable to Plaintiff Dorius Spruance in this action, in an amount which is presently unknown, but which will be proven at the trial of this action.

### COUNT III - RESPONDEAT SUPERIOR

22.

The allegations within the above paragraphs are adopted by reference and re-alleged herein, as if set forth verbatim in this paragraph.

23.

At all relevant times, Defendant Celso Ferreiro was an employee, agent, servant of Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc., was acting within the scope and course of his employment or agency with Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc. when his negligent actions and inactions set forth above proximately caused the above-described collision that caused the above-described injuries to Plaintiff.

24.

Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc are liable for the above described negligent acts and omissions of its' employee, agent and servant Celso Ferreiro pursuant to the doctrine of *respondeat superior*.

## COUNT IV - NEGLIGENT HIRING AND RETENTION

25.

The allegations within the above paragraphs are adopted by reference and re-alleged herein, as if set forth verbatim in this paragraph.

26.

Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc. were negligent in the hiring and retention of Defendant Celso Ferreiro.

27.

Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc. were otherwise negligent in its screening and selection of Defendant Celso Ferreiro.

28.

Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc.'s negligent hiring and retention as set forth above proximately caused the aforesaid injuries and damages to Plaintiff, such that these Defendants are liable to him in this action in an amount which is presently unknown, but which will be proven at the trial of this action.

## COUNT V - NEGLIGENT TRAINING AND SUPERVISION

29.

The allegations within the above paragraphs are adopted by reference and re-alleged herein, as if set forth verbatim in this paragraph.

30.

Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc. were negligent in the training and supervision of Defendant Celso Ferreiro.

31.

Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc.'s negligent training and supervision as set forth above proximately caused the aforesaid injuries and damages to Plaintiff, such that these Defendants are liable to him in this action in an amount which is presently unknown, but which will be proven at the trial of this action.

## COUNT VI

### (Direct Action Claim Against Cherokee Insurance Company)

32.

The allegations within the above paragraphs are adopted by reference and re-alleged herein, as if set forth verbatim in this paragraph.

33.

At all times relevant, Defendant Cherokee Insurance Company insured the operations of Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc. pursuant to a liability insurance contract or surety bond between Defendant Cherokee Insurance Company and Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc.

34.

Defendants Georgia Southern Transportation, Inc. and Pioneer Transport, Inc. are motor carriers as defined in O.C.G.A. § 40-2-1(4).

35.

As a result, Defendant Cherokee Insurance Company is directly liable to Plaintiff for all damages sustained by him and stated herein pursuant to O.C.G.A. § 40-2-140.

## COUNT VII – PUNITIVE DAMAGES

36.

The allegations within the above paragraphs are adopted by reference and re-alleged herein, as if set forth verbatim in this paragraph.

37.

Defendant's conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of its actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff demands trial by jury on all issues and prays for judgment against the Defendants for compensatory damages for physical and mental pain and suffering, medical and other expenses and all other amounts recoverable at law and punitive damages in the amount to be determined by the

enlightened conscience of a jury, prays for trial by jury as to all issues, and respectfully requests such other or further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of June, 2022.

BY:

SPAULDING LAW, LLC

_____
Damon J. Daugherty
Georgia Bar No. 511718
Theodore A. Spaulding
Georgia Bar No: 153055
Attorneys for Plaintiffs

327 Dahlonega St., Ste. 1004
Cumming, GA 30040
470-695-9950 (Telephone)
678-771-8290 (Facsimile)
ddaugherty@spauldingfirm.com
tspaulding@spauldingfirm.com